UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PHYLLIS ROGERS,                                       :
                                                      :
               Plaintiff,              :
                                                      :
     v.                                              :     **MEMORANDUM**
                                                      :     **AND ORDER**
THE CITY OF NEW YORK, HOUSING,                        :     07 CV 10565
PRESERVATION & DEVELOPMENT,                           :
CIVIL COURT OF NEW YORK (LANLORD &                    :
TENANT COURT,                                         :
                                                      :
               Defendants.             :
------------------------------------------------------------------x

SAND, J.,

      *Pro se* plaintiff Phyllis Rogers brings this suit alleging that she was discriminated against by the City of New York when she was moved to a temporary apartment in compliance with the City's Tenant Interim Lease Program ("TIL"). Defendants have moved to dismiss plaintiff's claims, and for the reasons discussed below, defendants' motion is granted.

      Plaintiff was a tenant in a building that was part of the City's TIL program. In this program, the City rehabilitates properties and converts them to subsidized below-market rate cooperatives. During the renovation, the building's tenants must temporarily relocate. Plaintiff alleges that she has suffered from several strokes that have affected her mobility and memory, and claims that her temporary apartment has too many stairs for her to climb to access her apartment, and that it is too far away from her permanent apartment, causing disorientation when she tries to find her way home. Plaintiff also brings claims for racial discrimination and under RICO.

<u>Plaintiff's ADA Claim</u>

To establish a prima facie ADA case, a plaintiff must show that "she has a physical impairment that substantially limits one or more of her major life activities." See 42 U.S.C. § 12102(2); 29 U.S.C. § 794(d). Plaintiff claims that she is disabled because she cannot walk up the six steps that lead to her ground-floor apartment. Plaintiff claims that climbing these six steps makes her short of breath and creates a risk of a future stroke.

The Second Circuit has recognized that walking and working are major life activities. <u>See</u> <u>Colwell v. Suffolk County Police Dep't</u>, 158 F.3d 635, 641 (2d Cir. N.Y. 1998). However, other cases have held that "running, jumping, climbing stairs and ladders, and crawling are not major life activities within the meaning of the ADA." <u>Piascyk v. City of New Haven</u>, 64 F. Supp. 2d 19, 26 (D. Conn. 1999). The <u>Piascyk</u> Court based its decision on the plain meaning of the word "major" in the ADA statute, and held that running, jumping, climbing stairs and ladders and crawling are "not sufficiently significant or essential functions to qualify as major life activities under the ADA." This holding is in accordance with the majority of cases to consider the issue. <u>See</u> <u>Robinson v. Global Marine Drilling Co</u>., 101 F.3d 35, 37 (5th Cir. 1996) (climbing stairs is not a sufficiently "basic, necessary function . . . to qualify as a major life activity under the ADA"); <u>Penchishen v. Stroh Brewery Co</u>., 932 F. Supp. 671 (E.D.Pa. 1996) (plaintiff who had to climb stairs by placing both feet onto each step before reaching for the next was not disabled under the ADA); <u>Graver v. National Eng'g Co</u>., No. 94-C-1228, 1995 U.S. Dist. LEXIS 10405 (N.D. Ill. July 25, 1995) (plaintiff who could not walk on grass or non-level surfaces was not disabled). <u>But see</u> <u>Kriskovic v. Wal-Mart</u>

Stores, Inc., 948 F. Supp. 1355, 1364-65 (E.D.Wis. 1996) (assuming that climbing stairs is a major life activity but holding that there was no evidence plaintiff was substantially limited in his ability to climb stairs).

In this case, plaintiff's allegation is not even that she is incapable of climbing stairs. Plaintiff's original apartment had a stoop of three steps, which she apparently managed without difficulty. Her apartment after the relocation has a stoop of six steps. Compl., Ex. 3, Letter from Andrea Shapiro, Esq. Plaintiff's shortness of breath when forced to climb six steps, as opposed to three, does not qualify as a disability under the ADA.

To the extent that plaintiff raises an ADA claim with respect to her memory loss, her claim is also insufficient to qualify as a disability. Her doctor's letter, attached to the Complaint, stating that it would "be to her benefit not to be moved from her residence" is inadequate. Compl. Ex. 4, Letter from Joel Delfiner, M.D.

### Discrimination Claim

Next, plaintiff claims that she was treated in a discriminatory manner because of her race, but cites no facts whatsoever to support this claim. Even under the lenient standard that governs whether a plaintiff has stated a prima facie case to claim discrimination, plaintiff has not satisfied her burden here. Plaintiff offers nothing except her own belief that she was discriminated against.

In order to defeat defendant's motion to dismiss, plaintiff must do more than assert the belief that he was discriminated against. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (plaintiff must allege "plausible grounds to infer" that its claims rise "above the speculative level"); E.E.O.C. v. Concentra Health Servs. Inc., 496 F.3d

773, 777 (7th Cir. 2007) (holding that plaintiff's complaint must "raise a right to relief above the speculative level"). Although we are mindful that pro se complaints are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," see <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), here, plaintiff's single baseless allegation is insufficient.

<u>Rico Claim</u>

Plaintiff's RICO claims must be dismissed because "[m]unicipal entities may not be held civilly liable under RICO." See <u>Nu-Life Constr. Corp. v. Board of Educ.</u>, 779 F. Supp. 248, 251 (E.D.N.Y. 1991).

<u>Conclusion</u>

For the reasons stated above, defendant's motion to dismiss is GRANTED. Plaintiff's causes of action against the City of New York, and the Civil Court of New York are hereby DISMISSED.

**SO ORDERED.**

Dated: July 30, 2008
    New York, NY

_____
U.S.D.J.